**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

THOMAS HORNE,

    Plaintiff,

vs.                                CASE NO. 3:05-cv-343-J-HTS

MICHAEL J. ASTRUE,
Commissioner of
Social Security,[1]

    Defendant.

_____

**O R D E R**

This cause is before the Court on Plaintiff's Uncontested Petition for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #18; Petition). It is represented Defendant "has no objection to the amount sought in th[e P]etition." Petition at 4.

The Petition requests the Court to award $6,172.50 in fees to Plaintiff's counsel pursuant to 42 U.S.C. § 406(b). *Id.* at 1, 3, 4. The $1,425.00 in fees previously granted under the Equal Access to Justice Act (EAJA), *see* Order (Doc. #16) at 2, would then be refunded to Mr. Horne. *See* Petition at 3, 4; *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Fee awards may be made under both [§ 406(b) and EAJA], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (quoting

---

    [1]    Pursuant to Rule 25, Federal Rules of Civil Procedure, Michael J. Astrue, Commissioner of Social Security, is substituted as Defendant herein.

Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186) (second alteration in original)); *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam).  A contingency fee agreement signed by Plaintiff in 2005 states:

> If the claim[] is denied by the ALJ, and an appeal is filed by my Attorney, and the claim is awarded following that appeal I agree to pay a fee of 25% of my past due benefits, even if that amount is greater than the maximum amount allowable by law under 42 USCA §406(a) at the time of the decision[.]

Social Security Disability Contingent Fee Agreement, attached to the Petition, at [externally numbered] 6.

Pursuant to 42 U.S.C. § 406(b), an attorney who successfully represents a claimant before the court in a Social Security benefits case may receive a reasonable fee that does not exceed 25% of the past-due benefits awarded.  Thus, contingency fee agreements are allowed, and the statute "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.  The attorney "must show that the fee sought is reasonable for the services rendered." *Id.*  Generally, "[t]he 'best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)).  However, other factors that relate to reasonableness include whether there was excessive delay by the

attorney, the size of the award in relationship to the time spent on the case, the quality of representation, and "the risk that the claimant would not prevail." *Id.; see Gisbrecht*, 535 U.S. at 808.

Having reviewed the record, the Court finds the requested fee is reasonable. Here, Plaintiff and his counsel agreed to attorney's fees not to exceed 25% of past-due benefits.[2] Counsel spent a total of 9.5 hours representing Plaintiff before the Court. Itemization of Time, attached to the Petition, at [externally numbered] 11. In light of the time spent on the case, the requested fee is not so large as to result in a windfall for Plaintiff's counsel. *See Vilkas v. Comm'r of Soc. Sec.*, No. 2:03CV687FTM-29DNF, 2007 WL 1498115, at *2 (M.D. Fla. May 14, 2007) (report and recommendation of magistrate judge) (finding reasonable a § 406(b) fee that amounted to payment of $1,121.86 per hour for attorney's representation of plaintiff before the court); *Thomas v. Barnhart*, 412 F. Supp. 2d 1240, 1242-44 (M.D. Ala. 2005) (allowing $498.58 per hour); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365-66 (N.D. Ga. 2005) (allowing $643 per hour). Further, a review of the record makes clear that counsel's representation was not substandard, and recovery was not guaranteed. Thus, the Court finds the fee sought is reasonable.

---

[2] The Social Security Administration withheld 25% of Plaintiff's past-due benefits, in this case, $11,472.50. *See* Petition at 2, 3; Notice of Award, attached to the Petition, at [externally numbered] 15. Based on the amount retained, the total past-due benefits awarded Plaintiff were $45,890.00. The total fee of $11,472.50, including that for representation before the agency, if approved, equals 25% of these benefits. *But cf.* Petition at 4 ("[T]he ultimate total potential fee is less than 25% of Mr. Horne's back benefits[.]").

Hence, the Petition (Doc. #18) is **GRANTED** and counsel for Plaintiff may receive $6,172.50 in attorney's fees. The $1,425.00 awarded under EAJA, *see* Order (Doc. #16), is to be refunded to Plaintiff. The Clerk of the Court shall enter judgment accordingly.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of October, 2007.

                                 /s/      Howard T. Snyder
                                 HOWARD T. SNYDER
                                 UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
    pro se parties, if any